UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH KERNOSEK, *et al.*,

    Plaintiffs,

v.

BARBARA SAMPSON, *et al.*,

    Defendants.

Case No. 1:08-CV-41

Hon. Richard Alan Enslen

**ORDER**

    This matter is before the Court on Plaintiffs' Objections to United States Magistrate Judge Ellen S. Carmody's Order of January 17, 2008, which denied Plaintiffs' Motion for Appointment of Counsel in this 42 U.S.C. § 1983 action. The Court will review the Objections, the Order, and pertinent portions of the record and will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See* Fed. R. Civ. P. 72(a).

    The court has discretion to appoint counsel for indigent civil litigants but generally only does so in exceptional circumstances. *See Lavado v. Keohane*, 992 F.2d 601, 604–06 (6th Cir. 1993). To determine whether appointment of counsel is appropriate, the court considers such factors as: (1) whether the action presents a colorable claim for relief; (2) the litigant's ability to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be revealed when both sides are represented by counsel; (4) the ability of the litigant to present his case; and (5) whether the legal issues presented are complex or unclear. *See McKeever v. Israel*, 689 F.2d 1315, 1320–21 (7th Cir. 1982); *cf. Lavado*, 992 F.2d at 605–06. These factors, however, "are by no means an exclusive checklist." *McKeever*, 689 F.2d at 1321 (citing *Maclin v. Freake*, 650 F.2d 885, 889 (7th Cir. 1981)).

Plaintiffs first argue they did not consent to a magistrate judge deciding their Motion for Appointment of Counsel. Plaintiffs argument is unavailing in light of Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A). District courts "may designate a magistrate to hear and determine any pretrial matter pending before the court," excluding certain matters not at issue in the case *sub judice*. 28 U.S.C. § 636(b)(1)(A). It is axiomatic that the consent of the parties is not necessary for matters which a district court "may" designate to a magistrate. *See generally Callier v. Gray*, 167 F.3d 977, 980 (6th Cir. 1999).

Plaintiffs next argue appointment of counsel is appropriate based on the factors cited above. After review of the factors set forth in *Lavado*, the Court finds that Plaintiffs have failed to demonstrate that appointment of counsel is necessary or that extraordinary circumstances exist. Moreover, the chances of success on Plaintiffs' claims are extremely slim. *See Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983). Accordingly, the Court finds that the Magistrate Judge's Order is not clearly erroneous or contrary to law.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' Objections (Dkt. No. 10) are **DENIED**, and that United States Magistrate Judge Ellen S. Carmody's Order of January 17, 2008 (Dkt. No. 4) is **AFFIRMED**.

DATED in Kalamazoo, MI:  
    February 8, 2008

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE