UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JOSEPH KERNOSEK et al.,

               Plaintiffs,                        Case No. 1:08-cv-41

v.                                                Honorable Richard Alan Enslen

BARBARA SAMPSON et al.,

               Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiffs have paid the filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiffs' complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiffs are currently incarcerated in Florence Crane Correctional Facility (ACF). Plaintiff Joseph Kernosek is serving four terms of incarceration of three to fifteen years for four counts of second-degree criminal sexual conduct in violation of MICH. COMP. LAWS § 750.520c(1)(a).  Plaintiff Clinton Lance is serving a term of incarceration of three years and eleven months to fifteen years for one count of second-degree criminal sexual conduct in violation of MICH. COMP. LAWS §§ 750.520c(1)(f) and 769.10.   Plaintiff Stephen Peeters is serving a term of incarceration of fifteen to thirty-five years for second-degree murder in violation of MICH. COMP. LAWS § 750.317.

Plaintiffs sue the following members of the Michigan Parole Board: Barbara Sampson, Artina Hardman, Stephen DeBoer, James Atterberry, Miguel Berrios, Enid Livingston and James Quinlan. Plaintiffs Kernosek and Lance allege violations of their rights under the Equal Protection Clause, and all Plaintiffs allege violations of their procedural and substantive Due Process rights because Plaintiffs were "arbitrarily" denied parole.  (Compl. at 4.)

Plaintiffs seek declaratory and injunctive relief compelling Defendants to "afford Plaintiffs with fair, meaningful, and appropriate considerations in the parole decision-making process in compliance to the State's parole statutes" and "prospective injunctive relief . . . enjoin[ing] to the State Officials [Defendants] to conform their future conduct to the requirements of federal law." (Compl. at 34-35.)

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

I.      Procedural Due Process

Plaintiffs claim that they are constitutionally entitled to a parole hearing in Michigan. Specifically, Plaintiffs assert that Defendants have not properly considered Plaintiffs' efforts towards rehabilitation and completion of therapy and other rehabilitative programs. (Compl. at 7, 11-14, 19-22, 27-30.)  To sustain such a claim, Plaintiffs must first establish that eligibility for parole is a recognized liberty interest, entitled to protection by the Due Process Clause. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *see Bd. of Pardons v. Allen*, 482 U.S. 369, 381 (1987).  A prisoner's unilateral expectation, particularly where prison officials retain complete discretion regarding an ultimate determination, does not create a constitutionally protected entitlement or liberty interest. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).

Liberty interests may arise from the Constitution itself or from the provisions of state law. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983).  A prisoner has no constitutional or inherent

right to be released on parole before the expiration of the prisoner's sentence. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). The state is therefore free to institute parole systems, but it has no duty to do so. *Id.*; *see Rose v. Haskins*, 388 F.2d 91, 93 (6th Cir. 1968). A prisoner has a liberty interest in the possibility of parole if, but only if, state law creates a legitimate expectation of parole release by the use of mandatory language limiting the discretion of the Parole Board. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 373-75 (1987). In the absence of a state-created liberty interest, the Parole Board can deny release on parole for any reason or no reason at all, and the Due Process Clause has no application. *See Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235-36 (6th Cir. 1991).

Michigan law does not contain mandatory language or the imposition of substantive predicates restricting the Parole Board's discretion. Michigan statutes merely define those prisoners not eligible for parole and list factors that the Parole Board may or may not consider in its decision to grant or deny parole, without directing a specific result. *See* MICH. COMP. LAWS §§ 791.233b, .234, .235. No statutory provision requires parole for any eligible prisoner under any circumstances. The statute makes release on parole expressly discretionary. MICH. COMP. LAWS § 791.234(11).[1]

Relying upon these provisions of Michigan law, the Sixth Circuit Court of Appeals has authoritatively held that the Michigan system does not create a liberty interest in parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc). In unpublished decisions following *Sweeton*, the Sixth Circuit has repeatedly held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997

---

[1] The Michigan parole statutes have been amended several times in recent years. The statutory citations contained above are to the present codification of the parole law. None of the recent amendments are material to the issues now before the court. Release on parole has always been discretionary under Michigan law.

WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2

(6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11,

1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v.*

*Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of*

*Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006,

1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Further, the Michigan Supreme Court has recognized

that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596

N.W.2d 598, 603-04 (Mich. 1999).

   Plaintiffs, however, assert that they scored a "high probability of parole" and were not

given "'substantial and compelling' reasons stated in writing when [they were] den[ied] parole."

(Compl. at 9.) The presence of specific parole guidelines does not lead to the conclusion that parole

release is mandated upon reaching a "high probability of parole." As stated by the Court, a state's

scheme may be specific or general in defining the factors to be considered by the parole authority

without necessarily mandating parole. *Greenholtz*, 442 U.S. at 7-8. At the time that *Sweeton* was

decided, there were statutory factors to be considered by the parole board. *See Sweeton*, 27 F.3d at

1165 n.1 (noting that MICH. COMP. LAWS § 791.235 listed " a large number of factors to be taken into

account by the board.") Although the current parole guidelines may be more detailed than the former

statutory provision, they are still nothing more than factors that are considered by the board in

assessing whether parole is appropriate. The fact that the Michigan Parole Board must follow their

own procedural statutes and regulations regarding parole does not raise an issue of federal due

process. *Id.* at 1165. This is particularly so in light of the fact that the guidelines do not state that the

prisoner "must" or "shall" be paroled if the prisoner scores in a certain category; rather, the guidelines

still speak in terms of probability, thus leaving the ultimate determination of parole release with the

parole board.  In an unpublished decision, the Sixth Circuit has found that where the ultimate decision

regarding parole rests with the parole board, a prisoner has no protectable interest in a system which

determined a "grid score" for when he would be eligible for parole.  *Moran*, 1996 WL 304344, at *2;

*accord Aqeel v. Dallman*, No. 90-3459, 1991 WL 7102, at *1 (6th Cir. Jan. 25, 1991) (where statute

and guidelines place parole decision in hands of the board, there is no liberty interest).

Until Plaintiffs have served their respective maximum sentences, they have no

reasonable expectation of liberty.  In the absence of a liberty interest, even an allegation of arbitrary

or capricious denial of release on parole states no federal claim.  *See Haynes*, 1990 WL 41025, at *1.

The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will

be obtained."  *Greenholtz*, 442 U.S. at 11.  The Michigan Parole Board and its members' failure or

refusal to consider petitioner for parole, therefore, implicates no federal right.  In the absence of a

liberty interest, petitioner fails to state a claim for a violation of his procedural due process rights.

II.      Substantive Due Process

Plaintiffs argue that, regardless of the existence of any liberty interest protected by

procedural due process, they have been denied substantive due process by the arbitrary actions of the

Defendants in refusing to follow state law.

To the extent that Plaintiffs present a federal constitutional claim, their claim is

without merit.  Although substantive due process protects inmates from arbitrary denials of parole

based on impermissible criteria such as race, religion, or political beliefs, or frivolous factors, such

as eye color, even where a prisoner may not have a protected liberty interest, *see Block v. Potter*, 631

F.2d 233, 236 n. 2 (3d Cir. 1980), Plaintiffs does not present any such allegations here.  *See Mayrides*

*v. Chaudhry*, 43 F. App'x 743, 746 (6th Cir. 2002) (considering substantive due process claim in context of parole).   In order to demonstrate constitutionally arbitrary conduct prohibited by substantive due process, Plaintiffs must show that the Defendants' conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Hampton v. Hobbs,* 106 F.3d 1281, 1288 (6th Cir. 1997); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995).  Clearly, in this case, it cannot be said that the actions of the Defendants in continuing to deny Plaintiffs' release on parole either shocks the conscience or constitutes an "egregious abuse of governmental power." *Id.*  Plaintiff Kernosek's sentence was imposed for four counts of second-degree criminal sexual conduct against a child less than the age of thirteen.  *See* MICH. COMP. LAWS § 750.520c(1)(a).  Plaintiff Lance's sentence was imposed for one count of second-degree criminal sexual conduct in which he caused personal injury to the victim and force or coercion was used to accomplish the sexual contact.  *See* MICH. COMP. LAWS §§ 750.520c(1)(f).  Plaintiff Peeters' sentence was imposed for second-degree murder in violation of MICH. COMP. LAWS § 750.317.  In concluding that Plaintiffs continue to represent a risk to society if released, the Defendants cannot reasonably be considered to have committed an egregious abuse of governmental power and their decision cannot reasonably be considered to either shock the conscience or interfere with rights implicit in the concept of ordered liberty.  Consequently, I recommend that Plaintiffs have failed to assert substantive due process claim.

III.   Equal Protection

Plaintiffs Kernosek and Lance also assert an equal protection claim that they have been treated differently because they are sex offenders compared to "all other offenders including violent offenders." (Compl. at 8.)  The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws."  U.S.

CONST., amend XIV; *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). The Equal

Protection Clause does not forbid all classifications, but simply prevents governmental decision

makers from treating differently persons who are similarly situated in all relevant respects. *Cleburne*,

473 U.S. at 439; *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920); *Richland Bookmart,*

*Inc. v. Nichols*, 278 F.3d 570, 574 (6th Cir. 2002) (the Clause "protects against arbitrary

classifications, and requires that similarly situated persons be treated equally.").

"Strict scrutiny of an alleged equal protection violation is only employed if the

classification at issue discriminates on the basis of a suspect criterion or impinges upon a fundamental

right." *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000). The Michigan legislation does not

implicate a fundamental right because there is no constitutional right to release on parole. *Greenholtz*

*v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Sweeton v. Brown*, 27 F.3d 1162,

1164-65 (6th Cir. 1994). In addition, prisoners are not a suspect class. *Hadix*, 230 F.3d at 843;

*Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998); *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th

Cir. 1997); *see also Zehner v. Trigg*, 133 F.3d 459, 463 (7th Cir. 1997) (dismissing as "completely

unsupported" the idea that prisoners are a suspect class). Specifically, convicted sex offenders are

not a suspect class and, therefore, any laws or classifications that they may be subject to are reviewed

under the rationale basis test. *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999). Thus, in

order to establish an equal protection violation, Plaintiffs Kernosek and Lance must show that the

Michigan scheme differentiates between similarly situated persons and is not rationally related to any

conceivable legitimate governmental purpose. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564

(2000); *Hadix*, 230 F.3d at 843.

Plaintiffs Kernosek and Lance's equal protection claim fails because the classification survives rational basis review.

> [U]nder rational basis review, . . . the classification need not be the most narrowly tailored means available to achieve the desired end. . . .   The statute need not be the best possible reaction to the perception, nor does the perception itself need to be heavily buttressed by evidentiary support.  It is enough that the perceived problem is not obviously implausible and the solution is rationally suited to address that problem.

*Zehner*, 133 F.3d at 463 (rejecting prisoners' argument that 42 U.S.C. § 1997e(e) violates equal protection by limiting relief which may be sought by prisoners).   In addition, the Court's determination in this case must be made in light of the constant admonition by the  Supreme Court that the problems of prison administration are peculiarly for resolution by prison authorities and their resolution should be accorded deference by the courts.  *See Washington v. Harper*, 494 U.S. 210, 224 (1990); *Turner v. Safley*, 482 U.S. 78, 84-96 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979); *Jones v. N.C. Prisoners' Labor Union*, 433 U.S. 119, 125-126 (1977).

"'The purpose of parole is to keep a prisoner in legal custody while permitting him to live beyond the prison enclosure so that he may have an opportunity to show that he can refrain from committing crime.'"  *People v. Gregorczyk*, 443 N.W.2d 816, 821 (Mich. Ct. App. 1989) (citation omitted).  Protection of public safety is a stated purpose of Michigan's parole statutes.  *Hopkins v. Mich. Parole Bd.*, 604 N.W.2d 686, 689 (Mich. Ct. App. 1999) ("First and foremost, [the Parole Board] may not grant a prisoner liberty on parole until it 'has reasonable assurance, after consideration of all of the facts and circumstances, including the prisoner's mental and social attitude, that the prisoner will not become a menace to society or to the public safety'") (quoting MICH. COMP. LAWS § 791.233(1)(a)).  Preventing the early release of potentially violent inmates is a legitimate

governmental interest. *See Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998) (affirming rejection of equal protection challenge raised by § 2241 petitioner; Bureau of Prisons rule which provided that inmates having prior convictions for homicide, forcible rape, robbery, or aggravated assault were not eligible for early release was "rationally related to the legitimate governmental interest of preventing the early release of potentially violent inmates").

In addition, Michigan's statutory scheme furthers the rights of victims, *see* MICH. COMP. LAWS § 780.771, which is also a legitimate and rational state purpose. *Johnson v. Rodriguez*, 110 F.3d 299, 307 n.11 (5th Cir. 1997) (reversing district court finding that Texas parole scheme violated prisoners' equal protection rights). Finally, Michigan's parole statutes also include economic considerations, which are a legitimate government interest. *See Franciosi v. Mich. Parole Bd.*, 586 N.W.2d 542, 546 (Mich. Ct. App. 1998) (holding that MICH. COMP. LAWS §791.236(6), which prohibited attorneys from representing prisoners at parole release hearings, was rationally related to legitimate economic considerations), *aff'd*, 604 N.W.2d 675 (Mich. 2000).

There are numerous factors and considerations used by the Michigan Parole Board in determining whether parole is appropriate. Consideration of the nature of particular offense of an inmate is a proper consideration. Additionally, Plaintiffs Kernosek and Lance have failed to show that they have been denied parole while another inmate, similarly situated in all respects, was granted parole. Therefore, Plaintiffs Kernosek and Lance's claim is insufficient to state a claim on which relief may be granted.

IV.   State law claims

Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To the

extent that Plaintiffs' complaint presents allegations under state law, this Court declines to exercise jurisdiction.  The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances.  *See Landefeld v. Marion Gen. Hosp.*, *Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993);  *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *2 (6th Cir. June 18, 1998).  Additionally, a state's failure to comply with its own law, rule or regulation does not by itself state a claim under § 1983.  *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985).  Section 1983 is addressed to remedying violations of federal law, not state law.  Therefore, this claim will be dismissed without prejudice.

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiffs' complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Date:  March 17, 2008                                  /s/ Ellen S. Carmody
                                                       ELLEN S. CARMODY
                                                       United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).