UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH KERNOSEK, *et al.*,

        Plaintiffs,

v.

BARBARA SAMPSON, *et al.*,

        Defendants.
_____/

Case No. 1:08-CV-41

Hon. Richard Alan Enslen

**JUDGMENT**

This matter is before the Court on Plaintiffs Joseph Kernosek, Clinton Lance, and Stephen Peeters' Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of March 17, 2008. The Report recommended dismissal of Plaintiffs' federal civil rights claims for failure to state a claim upon which relief can be granted, and dismissal without prejudice of any claims alleged by Plaintiffs under state law. The Court now reviews the Report, Objections, and pertinent portions of the record *de novo* pursuant to 28 U.S.C. § 636(b). The Court reads Plaintiffs' *pro se* Objections indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accepts Plaintiffs' allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For the reasons set forth below and in the Report, the Court finds the Objections to be without merit.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court must dismiss prisoner actions that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(C). A complaint fails to state a claim if it is clear that no relief could be granted under any set of facts consistent with the allegations of the complaint. *Jones*

*v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or federal law and must show that the deprivation of such right was committed by a person acting under the color of state law. *West v. Adkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Kernosek and Lance are incarcerated for second-degree criminal sexual conduct while Peeters is incarcerated for second-degree murder.  All Plaintiffs allege violation of their Procedural and Substantive Due Process rights because they were "arbitrarily" denied parole.  Kernosek and Lance further allege violation of their rights under the Equal Protection Clause of the United States Constitution because they are treated differently than other inmates because they are sex offenders. Plaintiffs object to dismissal of their federal claims based largely on the arguments advanced in their Complaint.

The Report correctly recommended dismissal of Plaintiffs' claims in accordance with pertinent precedent.  As noted, Plaintiffs' Procedural Due Process claims lack merit because in Michigan, the ultimate decision regarding parole rests with the parole board, thus, a prisoner has no protectable liberty interest.  *See Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Aqeel v. Dallman*, No. 90-3459, 1991 WL 7102, at *1 (6th Cir. Jan. 25, 1991). Plaintiffs' Substantive Due Process claims also lack merit because Defendants' conduct—denying parole to offenders who may present a substantial risk to society if released—does not shock the conscience.  *See Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995).  Regarding the Equal Protection claims, the Report correctly concluded that neither prisoners nor sex offenders are a suspect class.  *See Hadix v. Johnson*, 230

F.3d 840, 843 (6th Cir. 2000); *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999). The legislation at-issue does not implicate a fundamental right because there is no constitutional right to release on parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). The legislation easily survives rational basis review.

Accordingly, Plaintiffs have failed to state any claim upon which relief can be granted. The Report is adopted in full, including the recommendation that the Court decline to exercise jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). For the reasons given here and in the Report, the Court discerns no good faith basis for an appeal and will so certify pursuant to 28 U.S.C. § 1915(a). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs Joseph Kernosek, Clinton Lance, and Stephen Peeters' Objections (Dkt. No. 16) are **DENIED**, the Report and Recommendation (Dkt. No. 14) is **ADOPTED**, all of Plaintiffs' federal claims are **DISMISSED WITH PREJUDICE**, all of Plaintiffs' state law claims are **DISMISSED WITHOUT PREJUDICE**, and the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the dismissal of this action for failure to state a claim shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
April 16, 2008  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE