UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH KERNOSEK, *et al.*,                     Case No. 1:08-CV-41

          Plaintiffs,                     Hon. Richard Alan Enslen

    v.

BARBARA SAMPSON, *et al.*,

          Defendants.                     **ORDER**

                            /

      This is a civil action brought by three state prisoners pursuant to 42 U.S.C. § 1983.  On June 19, 2008, the Court granted in part Plaintiffs' Motion for Leave to Proceed *in Forma Pauperis* on Appeal.  The Court granted the Motion with respect to Plaintiff Joseph Kernosek and deferred the Motion with respect to Plaintiffs Clinton Lance and Stephen Peeters since they had yet to file the financial documentation required by 28 U.S.C. § 1915(a)(2).  This matter is now before the Court on Plaintiff Kernosek's Motion for Relief from the Final Judgment and Order of June 19, 2008 Concerning Plaintiffs' Request to Proceed on Appeal *in Forma Pauperis*.

      Plaintiff's *pro se* Motion is brought pursuant to Federal Rule of Civil Procedure 60(b).  Since the Court must read *pro se* filings indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court has also analyzed Plaintiff's Motion under the standards of Western District of Michigan Local Civil Rule 7.4(a) (stating that reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been mislead . . . [and] that a different disposition must result from the correction thereof").  Plaintiff Kernosek argues that "Plainitffs Lance and Peeters submitted their inmate account certificates respectively, together with Plaintiff Kernosek's inmate account certificate."  (Mot. for Relief 1–2.)  Plaintiff Kernosek is mistaken

because said documentation was not filed with the Court.  Thus, under either standard of review, there exists no palpable defects or mistakes in the Court's Order of June 19, 2008 regarding the Court's deferment of the *in forma pauperis* determinations of Plaintiffs Lance and Peeters.

Nevertheless, the Court has discovered a palpable defect in the Court's Order of June 19, 2008 with respect to the apportionment of the $455.00 civil action filing fee between the three Plaintiffs.  Originally, the Court held that each Plaintiff is responsible for $455.00, which results in a total filing fee of $1365.00.  This is manifest error.  The total filing fee is $455.00; therefore, each Plaintiff is only responsible for one-third of the total amount, which is $151.67 each.  Accordingly, the Court's Order of June 19, 2008 is modified to reflect that Plaintiff Kernosek's total share of the filing fee is $151.67.  This does not change Plaintiff Kernosek's initial partial filing fee, which remains $29.43.  Thus, after paying the initial partial filing fee, Plaintiff Kernosek will still owe $122.24, which is payable pursuant to the terms set forth in the Court's Order of June 19, 2008.

On July 29, 2008, Plaintiff Clinton filed the required financial documentation with the Court so the Court can now rule on Plaintiffs' Motion for Leave to Proceed *in Forma Pauperis* on Appeal with respect to Plaintiff Clinton.[1]   The apportioned fee for appealing this civil action for each Plaintiff, as aforementioned, is $151.67.  Normally, a plaintiff must pay a portion of the appellate filing fee as an initial partial filing fee.  The initial partial filing fee is 20 percent of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint.  28 U.S.C. § 1915(b)(1); *McGore*, 114 F.3d at 606, 611.  According to the certified copy of Plaintiff

---

[1]Note that, for all intents and purposes, this is the relief requested in Plaintiff Kernosek's Rule 60(b) Motion.

Clinton's prison trust account statement, he had an average monthly deposit of $80.95. Twenty percent of Plaintiff Clinton's average monthly deposit is $16.19. Plaintiff Clinton's prison trust account statement indicates he has financial resources to pay the initial partial filing fee.

Once Plaintiff Clinton has paid the initial partial filing fee, he must pay the remainder of the filing fee through monthly payments of 20 percent of the preceding month's income credited to his prison trust fund account. 28 U.S.C. § 1915(b)(2); *McGore*; 114 F.3d at 606. These payments will be forwarded by the agency having custody of Plaintiff Clinton to the Clerk of this Court each time the amount in his trust account exceeds $10.00, until the filing fee of $151.67 is paid in full. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607-08; *Hampton v. Hobbs*, 106 F.3d 1281, 1284 (6th Cir. 1997). The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made. If the amount in Plaintiff Clinton's account is $10.00 or less, no payment is required for that month. *Hampton*, 106 F.3d at 1284-85.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Kernosek's Motion for Relief from the Final Judgment and Order of June 19, 2008 Concerning Plaintiffs' Request to Proceed on Appeal *in Forma Pauperis* (Dkt. No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Proceed *in Forma Pauperis* on Appeal (Dkt. No. 20) is **GRANTED IN PART** and Plaintiff Lance Clinton is granted leave to appeal *in forma pauperis*. Plaintiff Clinton will pay the initial partial filing fee of $16.19.

**IT IS FURTHER ORDERED** that after the initial partial filing fee has been paid, the agency having custody of Plaintiff Clinton shall collect the remaining filing fee of $135.48. As outlined above, each month that the amount in Plaintiff Clinton's account exceeds $10.00, the agency having custody of him shall collect 20 percent of the preceding month's income and remit

that amount to the Clerk of this Court.  The agency shall continue to collect monthly payments from Plaintiff Clinton's prisoner account until the entire filing fee of $151.67 is paid.

**IT IS FURTHER ORDERED** that the Clerk shall certify a copy of this Order to the Court of Appeals pursuant to Fed. R. App. P. 3.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Proceed *in Forma Pauperis* on Appeal (Dkt. No. 20) with respect to Plaintiff Steven Peeters is **DENIED WITHOUT PREJUDICE** since he failed to provide the Court with his prison trust account statement by May 29, 2008.

**IT IS FURTHER ORDERED** that the Court's Order of June 19, 2008 is **MODIFIED** to reflect that Plaintiff Kernosek's total share of the filing fee is $151.67.  This does not change Plaintiff Kernosek's initial partial filing fee, which remains $29.43.  Thus, after paying the initial partial filing fee, Plaintiff Kernosek will still owe $122.24, which is payable pursuant to the terms set forth in the Court's Order of June 19, 2008.

DATED in Kalamazoo, MI:
    August 11, 2008

    /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE